THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DONNIE EARL PHILLIPS, JR.,**

 Plaintiff,

v.            No. 4:21-cv-1362-P

**ROBERT ROY COWIE, ET AL.,**

 Defendants.

### OPINION and ORDER OF PARTIAL DISMISSAL

Plaintiff Donnie Earl Phillips, Jr., proceeding pro se and *in forma pauperis*, filed a civil rights complaint that is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B). Phillips sues various individuals (and entities not at issue in this order) under 42 U.S.C. § 1983 for violation of his rights due to improper actions and sentencing in his state criminal cases. *See* Sec. Amend. Compl., ECF No. 20.

For the following reasons, Phillips's complaint is **DISMISSED IN PART.**

### I. LEGAL STANDARD

A district court shall dismiss an *in forma pauperis* claim at any time if the court determines that it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissals are reviewed de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1209 (5th Cir. 2005)).

Under the Rule 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.")). The court does not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 153 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II. ANALYSIS

To state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal statutory or constitutional right; and (2) that person acted under color of state law. *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020). Here, Phillips brings claims against state and private actors.

a. Defense Attorneys

Phillips first complains that three of his defense attorneys, Scotty Jones, Rob Hayden, and Robert Cowie, employed by Dunham and Jones, violated his civil rights by committing ineffective assistance of counsel regarding plea advice, filing motions for competency evaluations, and "withholding information in [the] client's favor." Phillips alleges that their actions amounted to "extortion, cruel and unusual punishment," were "and against the Texas Criminal, Professional Procedure protocol," and "endangered [him] due to [their] keeping favorable knowledge for [his] safety . . . ." Sec. Amend. Compl. 6, ECF No. 20.

Phillips also alleges that Mamie Bush Johnson, a private defense attorney, "performed an act of extortion" when she kept a portion of the legal fees that he paid her to represent him in one of his state driving-while-intoxicated (DWI) cases. He contends that, because of her withdrawing from the case that she stated was a felony level offense instead of the misdemeanor offense, he "suffers from collateral consequences of the negligence [sic] of counsel and lack of favorable protection of rights." *Id.* at 10.

Phillips also alleges that attorneys Patrick Curran and J. Eric Nickols were negligent in their representation of him. Curran represented Phillips in his felony DWI plea hearing and Nickols was appointed to pursue an Article 11.07 state writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. Phillips complains that Curran

was ineffective when he "coerced [Phillips] to plea out of [the] statutorial [sic] range of punishment." Phillips argued in his Article 11.07 writ application that he was illegally sentenced for a felony level offense, when he was convicted only of a misdemeanor offense.[1] *Id.* at 7. Phillips also claims that Nickols was

> said to be appointed to do an 11.07 in 2009, yet [Phillips] had proceeded pro se as well due to hidden measures by ineffective counsel in aim for [Phillips] to cop out to time out of statutorial [sic] range of punishment. Nor did counsel have consent or give the knowledge to [Phillips] of filing a motion of a nunc pro tunc . . . showing unfavorable merits of protecting the rights or plaintiff.

*Id.* at 7.

However, it is well-established that criminal defense attorneys are generally not state actors for purposes of a suit under 42 U.S.C. § 1983. *Uresti v. Reyes*, 506 F. App'x 328, 329 (5th Cir. 2013) (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)). Because Phillips's allegations against his defense attorneys relate solely to their representation of him in his underlying criminal cases, these parties are not "state actors" for the purposes of his § 1983 suit and are immune from suit. Phillips therefore fails to state a viable § 1983 claim against them.

b. Tarrant County Judges

Phillips alleges that Tarrant County Judge Mollee Westfall "wrongly convicted" him by sentencing him to a felony term of imprisonment when the offense was not a felony. Sec. Amend. Compl. 7, ECF No. 20. He also alleges that Judge Scott Wisch was aware of the clerical error in his

---

[1] Phillips made similar allegations in his state Article 11.07 application for writ of habeas corpus. In that habeas application, Phillips alleged that the prior DWI judgment used to enhance his offense to a felony level was in fact not a prior DWI offense but a driving-with-an-invalid-license charge. The Texas Court of Criminal Appeals held that a clerical error on the state judgment discovered years after the sentencing did in fact cause Phillips to be sentenced for a felony level offense instead of a misdemeanor level offense. The Court granted him relief and remanded his state criminal cases back to the trial court for further proceedings consistent with its opinion. *See Ex parte Phillips*, Nos. WR-64,603-03, WR-64,603-04, 2022 WL 2342365, at *1 (Tex. Crim. App. June 29, 2022).

judgment and proceeded to use "discriminatorial [sic] practice, cruel and unusual punishment, and [went] against the fair [sic] acts to a U.S. citizen." *Id*.

Judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial function. *See Severin v. Parish of Jefferson*, 357 F. App'x 601, 604 (5th Cir. 2009). There are only two recognized exceptions to judicial immunity: (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity," and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. (cleaned up); *see Small v. Dallas Cnty., Tex.*, 170 F. App'x 943, 944 (5th Cir. 2006).

Because State Judges Westfall and Wisch performed the complained-of actions as part of their judicial duties, they are immune from suit.

c. Bail Bondsmen

Phillips also alleges that Tom Benson and Alejandra Estrada, employees of Act Fast Bail Bonds, withheld information from him, which in turn led to his arrest. Specifically, he alleges that Estrada gave him incorrect information when he inquired about his bond cases and that Benson was unavailable to speak with when he attempted to find him. Sec. Amend. Compl. 8, ECF No. 20.

However, bail bondsmen and private actors are not usually considered state actors for the purposes of a lawsuit under § 1983. *See generally Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 204 (5th Cir. 1996); *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008). Phillips does not even allege, must less plead any facts to show, that Estrada or Benson violated his constitutional rights.

The Court therefore concludes that Phillips's claims against them must be dismissed for failure to state a claim under § 1983. *See Ashcroft*, 556 U.S. at 662.

### III. CONCLUSION

For the foregoing reasons, Phillips's claims against Scotty Jones, Rob Hayden, Robert Cowie, Mamie Bush Johnson, Patrick Curran, J. Eric

Nickols, Mollee Westfall, Scott Wisch, Tom Benson and Alexandra Estrada are **DISMISSED WITH PREJUDICE**.

The Court will issue a separate order addressing how Phillips may, if he so chooses, proceed with his remaining claims.

**SO ORDERED** this **15th day** of **July, 2022**.

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE